**Federal Defenders**
OF NEW YORK, INC.

Southern District
81 Main Street, Suite 300
White Plains, N.Y. 10601-4150
Tel: (914) 428-7124   Fax: (914) 948-5109

David E. Patton
*Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

November 5, 2021

VIA ECF AND E-MAIL

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re: *United States v. Xavier Jeter*, 21-cr-00385-1 (CS)

Dear Honorable Judge Seibel:

      I am writing regarding the above captioned matter to request an adjournment of the sentencing currently scheduled for December 17, 2021, at 10:00 a.m. to a date in February 2022. This is the second request for an adjournment of sentencing.

      In my prior request, I had noted that in taking over the case from my predecessor, I became aware of records I believed would be relevant to sentencing and wanted to engage an expert to provide an evaluation of Mr. Jeter. Although we have received the bulk of the records we requested, we are still awaiting an answer regarding whether educational records and mental health records are available or have been purged. These materials, if available, will be relevant to the evaluation and sentencing.

      In addition, we have engaged Dr. Chriscelyn Tussey to evaluate Mr. Jeter, however we have had difficulty facilitating the evaluation with Westchester County Jail where Mr. Jeter is housed. Due to concerns regarding COVID-19, Dr. Tussey was hoping to do the evaluation via video conferencing. We have requested that the facility provide a private setting for the evaluation and have received no response. It is my understanding through conversations with my colleagues, that the facility will not provide a private setting for video conferences of this nature absent a court order. The alternative would be to evaluate Mr. Jeter via the facility's regular video conferencing where Mr. Jeter would be placed in a hallway where there are often other inmates. Such an environment not only provides less privacy and thereby makes the evaluation less thorough as Mr. Jeter would be less inclined to share personal details that would be relevant to the evaluation, but it is also often noisy, making effective communication impossible. I have attached a proposed order that would permit Dr. Tussey to meet with Mr. Jeter on at least three occasions for a two-hour period each time at a time that is convenient for the jail and Dr. Tussey. This should give Dr. Tussey sufficient time to properly evaluate Mr. Jeter and obviate the need for additional court orders.

     Given this issue, Dr. Tussey has not yet had an opportunity to evaluate Mr. Jeter and will not be able to complete her evaluation and report prior to the current sentencing date. Should the Court grant our request for an order directing the facility to provide a private setting for the evaluation, Dr. Tussey believes that a February sentencing date would give her sufficient time to complete her evaluation and report.

     I have reached out to Assistant United States Attorney Stephanie Simon, and she has no objection to the request to adjourn the sentencing. She takes no position on my request for a court order permitting Mr. Jeter to be evaluated in a private sentencing.

     Mr. Jeter respectfully requests that the Court grant his requests for a court order requiring Westchester County Jail to make a private room available for his evaluation and to adjourn his sentencing to a date in February.

                                         Sincerely,

                                         Elizabeth K. Quinn
                                         Counsel for Xavier Jeter

cc: AUSA Stephanie Simon (via e-mail)

Sentencing adjourned to 2/22/22 at 10 am.

I am willing to direct the jail to facilitate the examination if need be. But if the problem is that there is no private place for two-hour videoconferences, I am not clear on why Dr. Tussey cannot see Mr. Jeter in person. On the other hand, if there is a reason she cannot, or if it is not an inconvenience for the Jail to make videoconferencing available to her for two-hour periods, I will order it. So please just communicate with the Warden or other responsible person at the jail and follow up with me.

                                         SO ORDERED.

                                         CATHY SEIBEL, U.S.D.J.    11/5/21

United States District Court
Southern District of New York
--------------------------------------------------

United States of America,

              -against-           **ORDER**

                                                                21 Cr. 385 (CS)

Xavier Jeter,

                 Defendant.
--------------------------------------------------

Upon the application of defendant Xavier Jeter, it is hereby ORDERED that the Westchester County Jail shall make available a private room for Mr. Jeter to participate in a videoconference, on at least three occasions, each occasion lasting two consecutive hours, with his attorney's retained expert evaluator, Dr. Chriscelyn Tussey, at a date and time in November or December 2021 convenient to all parties.

SO ORDERED.

Dated: _____
White Plains, New York

                                                          _____
                                                          Honorable Cathy Siebel
                                                          United States District Judge